UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITOVSKY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | 1:23-cv-00465-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>　　　　**AND**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER (ECF No. 4.)**<br><br>**OBJECTIONS, IF ANY, <u>DUE BY JUNE 20, 2023</u>** |

**I.　　BACKGROUND**

　　On March 30, 2023, the Court issued an order requiring Plaintiff to submit an application to proceed *in forma pauperis* or pay the $402.00 filing fee for this action, within 45 days. (ECF No. 4.) The 45-day time period has now passed and Plaintiff has nether filed an application to proceed *in forma pauperis*, paid the filing fee, or otherwise responded to the court's order.

## II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal," id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 28, 2023. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving the payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action, making it likely that he is indigent and monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Based on the foregoing, **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case.

**AND**

Accordingly, the court **HEREBY RECOMMENDS** that this action be dismissed without prejudice based on Plaintiff's failure to obey the court's order of March 30, 2023.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before June 20, 2023**, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 1, 2023**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE